[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Ella Langston, as the administrator of the estate of Frank Langston, filed a two-count complaint against the defendants, City of Bridgeport Housing Authority, Clarence Craig and Reverend Sultan Stack. The plaintiff alleges that the decedent's estate is owed $25,000 in life insurance coverage pursuant to Article XVII § 17.0(D) and § 17.3(3) of a collective bargaining agreement between the plaintiff's decedent and the defendant in effect at the time of the decedent's death.
The defendants have filed a motion to strike and a motion to dismiss the complaint. On December 14, 1998, this court denied from the bench the defendants' motion to strike on the ground that the defendants had previously filed an answer to the plaintiff's complaint and consequently waived its right to file a motion to strike.
The defendants argue in their motion to dismiss that the court lacks subject matter jurisdiction over the plaintiff's claims because the plaintiff has failed to exhaust her administrative remedies pursuant to the collective bargaining agreement. The plaintiff argues in part that she did exhaust or attempted to exhaust her administrative remedies. Neither party has submitted a copy of the collective bargaining agreement.[1]
It is well settled under both federal and state law that, before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in the collective bargaining agreement between the defendant and the plaintiffs' union. Failure to exhaust the grievance procedures deprives the court of subject matter jurisdiction. (Citations omitted; internal quotation marks omitted.) Hunt v. Prior, 236 Conn. 421, 431-32,673 A.2d 514 (1996). Whether a dispute is grievable under a collective bargaining agreement depends on the proper interpretation of the agreement. Mendillo v. Board of Educationof the Town of East Haddam, 246 Conn. 456, 476 ___ A.2d ___ (1998). Thus, in order for the court to determine whether the plaintiff has exhausted her administrative remedies pursuant to the collective bargaining agreement, the court must review the collective bargaining agreement. Therefore, the defendants' motion to dismiss is denied without prejudice to renew subject to the condition that a copy of the collective bargaining agreement is supplied to the court as part of the motion.
MELVILLE, J. CT Page 372